UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW DIEGERT,   **DECISION AND ORDER**

                        Plaintiff,   14-CV-01058-LJV-JJM

v.

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,
                        Defendant.
_____

        This action has been referred to me by District Judge Lawrence J. Vilardo for supervision of non-dispositive pretrial proceedings [36].[1] Before me is plaintiff's motion [63] for an award of attorney's fees pursuant to Fed. R. Civ. P. 37. For the following reasons, the motion is granted in part and denied in part.

## ANALYSIS

        Familiarity with the relevant facts is presumed. I previously concluded that "[a]n award of attorney's fees and costs is appropriate in this case", and directed plaintiff to file its application. January 26, 2017 Decision and Order [61], p. 10. Plaintiff seeks attorney's fees of $7,995.00, representing 26.65 hours at an hourly rate of $300.00. Mauro Declaration [63], ¶¶3-7 and Exhibit A. Although defendant does not question the proposed hourly rate,[2] it contends that certain "block-billed entries should be reduced by seven (7) hours to a total of 19.65 hours" (totaling $5,895.00). Defendant's Response [64].

---

[1]     Bracketed references are to CM/ECF docket entries.

[2]     *See* Barsness v. Takhar Group Collection Services, Ltd., 2016 WL 1177979, *2 (W.D.N.Y. 2016) ("[t]he court finds the . . . the hourly rates ($300 per hour for experienced attorney . . . ) to be reasonable").

Rather than analyzing each separate time entry, "[a] district court can exclude excessive and unreasonable hours from its fee computation by making an across-the-board reduction in the amount of hours . . . . [B]ased on my experience with the case and after review of the records submitted, I find that an across-the-board reduction of ten percent would be appropriate to eliminate duplicative or unnecessary time." Davis v. Eastman Kodak Co., 758 F. Supp. 2d 190, 202 (W.D.N.Y. 2010). For the same reason, I conclude that the fees requested by plaintiff should be reduced by 10% ($799.50), for an award of $7,195.50.

Plaintiff's motion does not specify whether the award should be made against defendant, counsel, or both. Since "[t]here is nothing outstanding in this motion to indicate the [conduct in question] was directed by the clients . . . or was solely the professional judgment of counsel", Rich Products Corp. v. Bluemke, 2014 WL 860364, *6 (W.D.N.Y. 2014), "liability for this award will be jointly borne by both defendant[ ] and their counsel". Id.

## CONCLUSION

For these reasons, plaintiff's motion [63] is granted to the extent of awarding attorney's fees in the amount of $7,195.50, payable by defendant and its attorneys jointly, but is otherwise denied. A further status conference will be held on April 5, 2017 at 2:00 p.m. Counsel may participate in person or by telephone, upon advance notice to chambers.

Dated: March 28, 2017

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge